**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JIMMY RAYMOND BYRUM,

Defendant-Appellant.

No. 08-6193

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. NO. CR-08-117-C)**

Susan M. Otto, Federal Public Defender, Oklahoma City, Oklahoma, for Defendant-Appellant.

Randal A. Sengel, Assistant United States Attorney (John C. Richter, United States Attorney, with him on the brief), Oklahoma City, Oklahoma, for Plaintiff-Appellee.

Before **LUCERO**, **McWILLIAMS**, and **TYMKOVICH**, Circuit Judges.

**TYMKOVICH**, Circuit Judge.

Following his arrest for sexual exploitation of a minor, Jimmy Raymond Byrum decided to plead guilty in exchange for a favorable sentencing arrangement. The district court accordingly conducted a plea hearing pursuant to

Federal Rule of Criminal Procedure 11. At the Rule 11 hearing, the court provisionally accepted Byrum's guilty plea subject to its review of the yet-to-be prepared pre-sentence report. Prior to sentencing, though, Byrum had a change of heart and attempted to withdraw his plea.

Byrum argued the court did not unconditionally accept his plea at the Rule 11 hearing and he was therefore free to withdraw it for any reason. He also argued, in the alternative, that even if the court had accepted the plea, he had "fair and just" grounds for withdrawal. The district court denied Byrum's request, finding it had accepted his guilty plea as contemplated by Rule 11 and Byrum failed to demonstrate a fair and just reason to withdraw his plea. The court then imposed the parties' agreed-upon 180-month prison sentence.

We agree that the district court accepted Byrum's guilty plea as required by Rule 11. Having jurisdiction under 28 U.S.C. § 1291, we therefore AFFIRM.

## I. Background

A federal grand jury indicted Byrum on eight counts of sexual exploitation of a minor, violations of 18 U.S.C. § 2251(a), and two counts of knowingly possessing computer disks and other material containing child pornography, violations of § 2252A(a)(5)(B). In particular, the indictment alleged Byrum used a digital camera to take several pornographic pictures of his six-year-old granddaughter, used a digital camera to take a picture of himself engaging in

sexual acts with his granddaughter, and stored similar digital images on his computer hard drive.

Although he initially pleaded not guilty to the charges, Byrum eventually entered into a plea agreement with the government. The parties agreed Byrum would plead guilty to one count of sexual exploitation of a minor in violation of § 2251(a) in exchange for a 180-month prison sentence and five years of supervised release. Under the plea agreement, Byrum also agreed to waive his right to appeal or bring a collateral challenge to his conviction and sentence.

Byrum subsequently appeared in district court to plead guilty pursuant to the plea agreement. After the district court advised Byrum of his rights and ascertained his plea was knowing and voluntary, the court stated it would "provisionally" accept Byrum's guilty plea conditioned on its subsequent review of Byrum's presentence report (PSR) to ensure the plea agreement did not undermine the goals of the sentencing guidelines.

The probation office then prepared the PSR. Based on the PSR's calculations pursuant to the Guidelines, Byrum faced an advisory range of 324 to 405 months' imprisonment.[1] Byrum's appointed counsel submitted an unopposed motion asking the district court, in light of the PSR, to accept the terms of the parties' plea agreement.

_____

[1] Byrum's sentence under the plea agreement, while well below the guidelines range, reflected the statutory 15-year minimum sentence under 18 U.S.C. § 2251.

Three days later, Byrum's counsel moved for a continuance because "[Byrum] wants to see about hiring private counsel." R., Vol. I, Doc. 40. The district court denied this motion, finding Byrum had entered a guilty plea, admitted his guilt under oath, and that should the court accept the plea agreement, there was nothing left for private counsel to do in the case.

Despite this ruling, Byrum, through a personal letter to the court, requested a sixty-day continuance to find new counsel. At the scheduled sentencing hearing, the district court noted it had received Byrum's letter, and after a brief colloquy with Byrum, the court denied his request but nevertheless granted a continuance for several days. The court informed Byrum that if he intended to retain private counsel and file a motion to withdraw his guilty plea, he must do so prior to the rescheduled sentencing hearing.

When the hearing reconvened, the district court noted that it had received another letter from Byrum. In this letter, Byrum informed the court he wanted to withdraw his guilty plea and claimed he was innocent. Contending his appointed counsel refused to file a motion to withdraw the guilty plea, Byrum also requested the court dismiss his appointed counsel, and either permit him to retain private counsel or appoint a replacement. The district court denied both of Byrum's requests, noting that a motion for withdrawal of a guilty plea would be foreclosed by Tenth Circuit precedent and therefore would be "pointless" at this stage of the

proceedings.  The court then imposed the 180-month prison sentence as negotiated in the plea agreement.

Byrum brings this timely appeal.

## II.  Analysis

Byrum raises four claims of error on appeal.  He contends (1) the district court had not unequivocally accepted his guilty plea and therefore erred in failing to permit him to withdraw his plea as a matter of right; (2) even if the district court did accept his plea, the court abused its discretion in not granting his motion to withdraw his plea; (3) the district court erred by denying his request for additional time to obtain new counsel; and (4) that cumulative error by the court mandates a reversal.[2]

### A.  Acceptance of Guilty Plea

Byrum first contends the district court erred when it refused to permit him to withdraw his guilty plea as a matter of right.  In particular, Byrum claims the district court's "provisional" acceptance of his guilty plea was not an acceptance

---

[2]  The government contends Byrum has entirely waived his right to appeal by virtue of the plea agreement.  To the extent Byrum challenges the district court's denial of his attempt to withdraw his guilty plea under Rule 11 (and hence the condition precedent to the court's acceptance of the plea agreement), or whether his plea was knowing and voluntary, our review is not precluded.  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).  As we explain below, however, Byrum cannot succeed on his merits argument even assuming it was not waived.

as contemplated by Federal Rule of Criminal Procedure 11. He argues, therefore, he should have been permitted to withdraw his plea as a matter of right.

As an initial matter, the parties disagree as to the proper standard of review. On the one hand, we review the denial of a defendant's motion to withdraw a guilty plea for an abuse of discretion. *United States v. Sandoval*, 390 F.3d 1294, 1297 (10th Cir. 2004). But this deferential standard of review applies only once the district court has actually accepted the defendant's plea. *See* Fed. R. Crim. P. 11(d)(1) (permitting defendant to withdraw guilty plea for "any reason or no reason" before the court has accepted his plea). Since the central legal issue here is how to interpret the district court's "provisional acceptance" in light of Rule 11, de novo review is more appropriate. *Breaux v. Am. Family Mut. Ins. Co.*, 554 F.3d 854, 869 (10th Cir. 2009) ("To the extent the appeal implicates the district court's interpretation of the Federal Rules . . . we apply a de novo standard of review."); *see also United States v. Jones*, 472 F.3d 905, 909 (D.C. Cir. 2007) (applying de novo standard of review to determination of whether a district court had accepted a defendant's guilty plea).

Whatever the standard of review, Byrum has not demonstrated legal error.

*1. Federal Rule of Criminal Procedure 11*

Under Rule 11, the government and the defendant are permitted to negotiate and enter into a plea agreement. Fed. R. Crim. P. 11(c)(1). In exchange for a guilty plea to a charged or lesser offense, the government may (1) dismiss or

promise not to bring other charges against the defendant; (2) recommend or merely not oppose a defendant's request for a particular sentencing range; or (3) agree that a specific sentence or sentencing range is appropriate. *Id.* An important distinction exists, though, between a guilty plea and the underlying plea agreement. A district court can accept the guilty plea but defer acceptance of the plea agreement. *United States v. Hyde*, 520 U.S. 670, 674 (1997) ("[G]uilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time.").[3]

Prior to the court accepting a defendant's guilty plea, the defendant is permitted to withdraw his plea "for any reason or no reason." Fed. R. Crim. P. 11(d)(1). However, "after the court accepts the plea, but before it imposes sentence," a defendant can withdraw his plea only "if: (A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2).

This appeal turns on what constitutes a district court's acceptance of a guilty plea under Rule 11(d). While we have not addressed this question directly, courts generally have applied two different approaches in resolving the issue.

---

[3] Though *Hyde* predates the 2002 amendments to Rule 11, the advisory committee note accompanying the amendments specifically states that *Hyde*'s holding was incorporated into the Rule 11 changes. *See* Fed. R. Crim. P. 11 advisory committee note (2002 Amendments).

The first line of analysis views the district court's *provisional* or *conditional* acceptance of a guilty plea as sufficient to implicate the Rule 11(d)(2)(B) "fair and just reason" standard for withdrawal of the plea. For example, in *United States v. Battle*, the Fourth Circuit discounted a district court's use of a qualifier such as "provisionally" to describe its acceptance of a guilty plea. 499 F.3d 315, 321 (4th Cir. 2007), *cert. denied*, 128 S. Ct. 1121 (2008). In that case, the district court conducted a standard Rule 11 plea colloquy and then stated that the defendant's "plea of guilty is provisionally accepted pending receipt of a presentence investigation, and the court will defer final acceptance of the plea agreement and the adjudication of guilt until we've all had an opportunity to review that report." *Id.* at 318. After the presentence report was prepared, which recommended a lengthy sentence, the defendant moved to withdraw his guilty plea. *Id.* In denying the motion, the district court applied Rule 11(d)(2)'s "fair and just reason" standard, determining it had already accepted his plea for the purposes of Rule 11. *Id.*

The Fourth Circuit affirmed, concluding the district court had accepted the defendant's guilty plea. *Id.* at 321. The court noted that although "Rule 11 is silent as to how a district court must signal its acceptance of a guilty plea," the "acceptance of a guilty plea is intimately tied to the colloquy and Rule 11(b)," and "once the district court has satisfied Rule 11's colloquy requirement, there is a presumption that the court has accepted the defendant's guilty plea." *Id.*

-8-

While it admitted that a more unambiguous statement of acceptance by the district court would have been preferable, the *Battle* court held that the interests of finality weigh in favor of its approach:

> Permitting a defendant to withdraw a guilty plea for any reason or no reason in these circumstances would undermine the importance of the plea colloquy. The rules should not be interpreted to allow a defendant to withdraw a guilty plea "simply on a lark" after the district court conducts a thorough plea colloquy and has made the requisite findings. During the colloquy, the defendant admits, in open court, that he is guilty and describes the circumstances of his guilt. It makes little sense to permit an unconditional withdrawal of a guilty plea after the colloquy has been conducted, especially when the district court has informed the defendant of the consequences of pleading guilty and the defendant had no reason to believe he could withdraw the plea at a later date for any reason.

499 F.3d at 321. Because the Rules are silent with respect to the formalities of a district court's acceptance of a guilty plea, the court saw "no reason to require district courts to use some kind of talismanic 'magic words' to effect an acceptance once the colloquy has been completed." *Id.* at 321–22. Therefore, by conducting a Rule 11 plea colloquy and then "provisionally" accepting the guilty plea, the district court in *Battle* had accepted, for the purposes of Rule 11, the defendant's guilty plea. *Id.* at 322; *see United States v. Jones*, 472 F.3d 905, 909 (D.C. Cir. 2007) (same).

In contrast, some courts hold that when a district court *defers* acceptance of a guilty plea, the Rule 11(d)(2)(B) "fair and just reason" standard is not implicated and a defendant may withdraw his plea for any reason. For example,

in *United States v. Shaker*, after conducting a change-of-plea hearing, the district court stated:

> I am deferring my decision on acceptance or rejection of your plea of guilty and your Plea Agreement until after I've had an opportunity to study the Presentence Report. If your plea of guilty and your Plea Agreement are then accepted, I will so advise you.

279 F.3d 494, 496 (7th Cir. 2002). Shortly thereafter, the defendant attempted to withdraw his guilty plea, but the district court denied the defendant's motion, concluding he had failed to show a "fair and just reason." *Id.* at 496–97.

The Seventh Circuit reversed. It emphasized that the district court had *deferred* its decision on the guilty plea itself. *Id.* at 497. Consequently, the plea was never accepted and there was nothing for the defendant to withdraw. *Id.* In such a circumstance, the defendant could change his plea as a matter of right. *Id.* According to the court, Rule 11 creates a "a process involving both the defendant and the district court" which "culminat[es] in the court's acceptance of the plea." *Id.* Until the entire plea process is completed by an acceptance of the plea, Rule 11's limitations on withdrawal are inapplicable. 279 F.3d at 497; *see also United States v. Head*, 340 F.3d 628, 631 (8th Cir. 2003) (holding that because the district court used language "indicating that the plea was not yet accepted" and because "the record reflect[ed] that the plea, as opposed to only the plea bargain, was not accepted at the change of plea hearing," the plea had not been accepted for Rule 11 purposes).

-10-

While factually distinguishable, the cases illustrate important points. In both *Battle* and *Jones*, the district court had *conditionally* accepted the defendant's guilty plea and *only* deferred accepting the terms of the underlying plea agreements, whereas in *Shaker* and *Head*, the district court had *deferred* accepting the guilty plea itself. Rule 11, in fact, contemplates an acceptance of a guilty plea *conditioned* on the ultimate acceptance or rejection of the plea agreement. *See* Fed. R. Crim. P. 11(c)(3)–(5). On the other hand, Rule 11 does not necessarily envision a deferral of a decision on the plea itself.

Despite these subtle distinctions, what matters ultimately is the language of the trial court and the context in which it is used. While we prefer linguistic precision, the record must be sufficiently clear to indicate the court is accepting the defendant's guilt while withholding final acceptance of the plea package pending review of the pre-sentence report and sentencing recommendation. Rule 11 does not specify how a district court must signal its acceptance of a guilty plea; rather it provides an outline of three broad prerequisites. Before accepting a defendant's guilty plea, the court must (1) advise the defendant of the rights he or she is waiving, the nature of the charge, and the associated penalties, *see* Fed. R. Crim. P. 11(b)(1); (2) ensure the plea is voluntary, *see* Fed. R. Crim. P. 11(b)(2); and (3) determine the factual basis for the plea, *see* Fed. R. Crim. P. 11(b)(3). These requirements inform the mandatory Rule 11 plea colloquy.

We agree with *Battle* that permitting a defendant to withdraw his guilty plea as a matter of right after a district court makes the requisite findings and conditionally accepts the plea would undermine the importance of the Rule 11 colloquy. At the conclusion of the colloquy, the defendant has admitted his guilt and the facts relating to his criminal conduct. He has also been advised by the court of the consequences of pleading guilty. After a such a colloquy, a defendant has no reason to believe he can freely withdraw his plea. Further, Rule 11 does not prescribe any specific language of acceptance, and imposing a requirement on the district court to utter some talismanic words to effect an acceptance is not supported by the Federal Rules of Criminal Procedure or the case law.

Notably, Rule 11 provides separate requirements for a district court's acceptance of a plea agreement. To the extent the government assents in the plea agreement to dismiss or refrain from bringing other charges against the defendant, or agrees to a specific sentence or sentencing range, a court may "accept [the] agreement, reject it, or *defer* a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A) (emphasis added). If the court subsequently rejects this plea agreement, it must "advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea." Fed. R. Crim. P. 11(c)(5). Additionally, if the plea agreement only contains a recommendation on a sentence or sentencing

-12-

range, the district court must advise the defendant that he "has no right to withdraw the plea if the court does not follow the recommendation or request." Fed. R. Crim. P. 11(c)(3)(B). Therefore, because Rule 11 distinguishes between an acceptance of a plea and an acceptance of a plea agreement, we must maintain that distinction in evaluating the record.

We believe that this distinction is preserved by permitting a district court to accept a plea conditioned on a subsequent examination of the presentence report. Once a district court, in conducting a Rule 11 colloquy, ascertains the knowing and voluntary nature of a defendant's guilty plea and ensures there is a sufficient factual basis for the plea in the record, the exact terminology it employs to ultimately "accept" the plea is less significant. Although the plea itself constitutes an important concession of rights by the defendant, the court's subsequent decision on whether to accept the underlying plea agreement does not occur in a vacuum. Rule 11 expressly permits the court to examine the agreement and the defendant's PSR to determine whether the parties' bargain is justified. *See* Fed. R. Crim. P. 11(c)(3)(A). If the court chooses to accept the agreement, the defendant receives what he has bargained for with the government. And depending on the type of plea agreement, if the court ultimately rejects it, the defendant should either be aware he is not permitted to withdraw his plea absent a fair and just reason, *see* Fed. R. Crim. P. 11(c)(3)(B), or he is given a fresh opportunity to withdraw his guilty plea, *see* Fed. R. Crim. P. 11(c)(5).

-13-

In sum, we conclude where a district court conducts a Rule 11 plea colloquy and then provisionally or conditionally accepts the defendant's guilty plea pending its review of the PSR, the district court has accepted the plea for the purposes of Rule 11.

### 2. Application to Byrum

Applying this legal framework, the question remains whether the district court here accepted Byrum's guilty plea as required by Rule 11. Byrum contends the plea colloquy manifests no unequivocal Rule 11 acceptance of his plea and that therefore he should have been permitted to withdraw his plea for any reason. We disagree.

The district court properly conducted the necessary Rule 11 colloquy, ascertaining that Byrum knowingly and voluntarily pleaded guilty:

[Court]: Are you pleading guilty voluntarily and of your own free will?

[Byrum]: Yes, Your Honor.

[Court]: Has anyone threatened or coerced you to get your guilty plea today?

[Byrum]: No, Your Honor.
. . .

[Court]: It appears that the plea agreement in this case is a simple exchange of promises in return for your plea to Count 5 of the indictment. The government will agree to dismiss the remaining counts at time of sentencing. This agreement is entered on the basis of a recommended sentence of 15 years and both you and the government are waiving your right of appeal if that sentence is imposed. That right of appeal is an important right. What that means, if I should make an

-14-

error of law in this case at sentencing or otherwise, you are waiving or giving up your right to take that error to a higher court and ask that it be corrected. You're also giving up your right to file a habeas corpus petition in the future and ask that I correct any error. Do you understand that and is it your intent to waive that right?

[Byrum]: Yes, Your Honor.

[Court]: With regard to the recommended sentence, do you understand and appreciate that I can refuse to accept that agreement after I've read the presentence report?

[Byrum]: Yes, Your Honor.

[Court]: *And you understand that if that happens, you will again be standing before me on a plea of not guilty*, it will simply vitiate this whole proceeding? Do you understand that?

[Byrum]: Yes, Your Honor.

R., Vol. II at 10–14 (emphasis added).

Then the court elicited the factual basis constituting Byrum's

criminal conduct and guilt.

[Court]: I will remind you that you are under oath and subject to the penalties of perjury and I'll direct . . . [the prosecutor] to ask questions necessary to establish a factual basis to the charge.

[Prosecutor]: Yes, Your Honor. As to Count 5 of the indictment, in June of 2007, did you use a minor to engage in conduct lasciviously displaying her genitalia?

[Byrum]: Yes.

[Prosecutor]: Did you know that the girl was under 18 years of age?

[Byrum]: Yes.

-15-

[Prosecutor]: Was your purpose to produce a picture of the minor engaging in conduct lasciviously displaying her genitalia?

[Byrum]: Yes.

[Prosecutor]: And do you admit that the camera used to make the picture was manufactured outside the state of Oklahoma?

[Byrum]: Yes.

*Id*. at 14–15.

Finally, the district court explained it would accept Byrum's guilty plea, conditioned only on the court's subsequent review of the PSR to ensure the parties' agreement did not deviate from the sentencing goals. The court stated:

> I find, based on your clear and responsive answers to my questions and those of counsel, that you are competent to enter this plea. That you do so voluntarily and knowingly, that is with full understanding of the rights that you are giving up. I am not going to accept the plea until I review the presentence report and am satisfied, as I mentioned earlier, that the plea agreement in this case does not undermine the goals of the sentencing guidelines. *I will accept it provisionally subject to that review.*

*Id.* at 15–16 (emphasis added).

As is evident, the court conducted a thorough colloquy and *provisionally accepted* Byrum's plea. While the court's language could have been more precise, the bottom line is plain—the district court accepted Byrum's guilty plea as contemplated by Rule 11 subject only to its review of the PSR.

Byrum's effort to parse the district court's explanation is ultimately unpersuasive. The district court, after ascertaining Byrum knowingly and voluntarily pleaded guilty and placing the circumstances underlying Byrum's criminal conduct on the record, was concerned that the parties' agreed-upon sentence may frustrate the sentencing guidelines' goals. Rule 11 permits the court to delay acceptance of the plea agreement and examine Byrum's PSR for exactly this purpose. *See* Fed. R. Crim. P. 11(c)(3)(A). Notably, the court also informed Byrum that should it reject the sentencing agreement, his guilty plea would not be accepted, thereby giving Byrum an unfettered right to withdraw his plea. *See* Fed. Crim. R. P. 11(c)(5)(B). Ultimately, the district court language, although ambiguous at first glance, sufficiently indicated the court's acceptance of Byrum's guilty plea.

Rule 11 does not prescribe any specific language of acceptance. Byrum's argument could easily have been avoided had the district court chosen a more unambiguous statement such as "I accept your guilty plea" or "I therefore find you guilty." And Rule 11 allows for the unequivocal acceptance of a plea while still reserving in the district court the right to reject the underlying plea agreement. Though the district court here did not make such an unequivocal statement of intent, on this record we are convinced the court accepted Byrum's guilty plea.

***B. Byrum Failed to Establish a "Fair and Just Reason" to Withdraw His Plea***

Having found the court accepted the guilty plea, the remaining question is whether Byrum presented a "fair and just reason" to withdraw his plea as required by Rule 11. Byrum contends that even if we determine the district court accepted his guilty plea, the court abused its discretion in refusing to permit him to withdraw his plea. In particular, he claims that although he pleaded guilty and allocuted under oath to the facts of his crimes, the district court erred in failing to recognize his later protestations of innocence. He further alleges that his guilty plea resulted from misrepresentations by his court-appointed counsel. Finally, he contends he should have been permitted to obtain new counsel and that the district court should have held a full hearing on the issue.

We review the district court's denial of motion to withdraw a guilty plea for an abuse of discretion. *Sandoval*, 390 F.3d at 1297. When a defendant moves to withdraw a guilty plea—after its acceptance by the district court but prior to sentencing—the court must assess whether there is a "fair and just reason for withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The court should consider the following factors:

> (1) whether the defendant has asserted his innocence;
> (2) whether withdrawal would prejudice the government;
> (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay;
> (4) whether withdrawal would substantially inconvenience the court;
> (5) whether close assistance of counsel was available to the defendant;

(6) whether the plea was knowing and voluntary; and

(7) whether the withdrawal would waste judicial resources.

*United States v. Yazzie*, 407 F.3d 1139, 1142 (10th Cir. 2005).

Here, the district court determined that Byrum's motion, filed after it had performed a thorough Rule 11 colloquy, after Byrum had admitted the facts underlying his offense, and after both parties had negotiated and entered into a plea agreement, would be "pointless." R., Vol. III at 4. Essentially, the court concluded Byrum asserted no grounds permitting withdrawal of his guilty plea. We agree for the following reasons.

First, although Byrum asserted his innocence in his letter immediately preceding the August 29 sentencing hearing, he did not raise any doubts as to his knowing and voluntary admission of guilt at the earlier plea colloquy. Even on appeal he does not disclaim his admissions of guilt at the plea colloquy. While an assertion of innocence may, in some cases, satisfy the first *Yazzie* factor, the "mere assertion of a legal defense is insufficient; the defendant must present a credible claim of legal innocence." *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007); *see also United States v. Hickok*, 907 F.2d 983, 985 n.2 (10th Cir. 1990) ("[T]he assertion of a defendant's subjective belief in his own innocence does not mandate allowing him to withdraw his plea of guilty." (quotation and alteration omitted)). Byrum failed to "make [any] factual argument that supports a legally cognizable defense." *See Hamilton*, 510 F.3d at

1214. Byrum's change of heart, without more, is not sufficient to swing this factor in his favor. *See Hickok*, 907 F.2d at 986.

Second, despite Byrum's attempt to fashion a conflict with his court-appointed counsel, his own testimony at the plea colloquy belies this assertion. Byrum claims that his appointed counsel misrepresented the merits of his case and later refused to file a motion to withdraw his guilty plea. But both in his letter to the district court and now on appeal, Byrum fails to identify any meritorious defense he would have raised but for his attorney's alleged "misrepresentations."

Rather, we are faced with a record where Byrum expressed satisfaction with his counsel's services:

> [Court]: Have you told [your appointed counsel] all that you think he needs to know to counsel and assist you in this case?
>
> [Byrum]: As far as I know, Your Honor.
>
> [Court]: Are you satisfied with his services?
>
> [Byrum]: Yes, Your Honor.

R., Vol. II at 7. The district court even noted that if it were to rank Byrum's counsel, his counsel is "certainly one of the top of the effective and competent and persuasive counsel on behalf of defendants." R., Vol. III at 4; *see United States v. Siedlik*, 231 F.3d 744, 750 (10th Cir. 2000) (upholding a district court's refusal to permit the defendant to withdraw his guilty plea in part because the defendant was represented by a "skilled and respected" counsel through the plea

negotiations and because the defendant had himself testified to satisfaction with counsel).

Finally, we disagree with Byrum's contention that the district court abused its discretion by failing to specifically address the remaining *Yazzie* factors or hold a hearing on the issue. We have previously held that a court need not address the prejudice to the government, the timing of the defendant's motion, the inconvenience to the court, or the waste of judicial resources factors "unless the defendant establishes a fair and just reason for withdrawing his guilty plea" in the first instance. *Hamilton*, 510 F.3d at 1217. Because Byrum has not established a fair and just reason for withdrawal of his plea, he has failed to show that the district court abused its discretion in denying his motion to withdraw his guilty plea. *See id.*

In sum, the district court did not err in accepting Byrum's guilty plea and then refusing to let him withdraw it.

## C. *Request for New Counsel and Cumulative Error*

Finally, Byrum claims the district court erred in denying his request for additional time to obtain new counsel and that the accumulation of errors in his case warrants a reversal. We disagree.

We review the district court's denial of a motion for substitute counsel for abuse of discretion. *United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005). "To warrant a substitution of counsel, the defendant must show good

-21-

cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *Id.* (quoting *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987)). In making this assessment, we normally ask whether "(1) the defendant's request was timely; (2) the trial court adequately inquired into defendant's reasons for making the request; (3) the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (4) the defendant substantially and unreasonably contributed to the communication breakdown." *Id.* Based on our review of the entire record, none of these concerns are implicated here; Byrum failed to show good cause and therefore was not entitled to his requested relief.

After the district court inquired into the purported reasons for seeking substitute counsel, Byrum—attempting to fashion a conflict with his attorney—replied that his attorney refused to file a motion to withdraw his guilty plea. But as the district court properly noted, such a motion would have been pointless since the court had already accepted Byrum's guilty plea and nothing supported withdrawal. Assuming the district court accepted the plea agreement's 180-month sentence, as it ultimately did, there was nothing left for substitute counsel to do. Byrum has never demonstrated any evidence of a "total lack of communications" between him and his attorney.

Rather, Byrum's last minute motion appears to have been nothing more than a delay tactic. But even so, the court granted a short continuance so the motion could be fully developed. After further review, the court denied the request. We are satisfied the district court properly "balance[d] the need for efficient administration of the criminal justice system against . . . [Byrum's] right to counsel." *United States v. Beers*, 189 F.3d 1297, 1302 (10th Cir. 1999) (citations and internal quotation marks omitted). In fact, the district court specifically concluded that Byrum's counsel had competently represented him. We therefore find no abuse of discretion. And, as noted by the district court, Byrum received a favorable sentencing deal well below the relevant sentencing guideline range he would have faced if convicted.

Finally, because we find the district court did not err, there can be no accumulation of errors.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment and sentence.