RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0109p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

_Plaintiff-Appellee,_

No. 16-3130

_v._

DOMINICK ANDREWS,

_Defendant-Appellant._

_____

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 1:14-cr-00022-3—Michael R. Barrett, District Judge.

Argued: March 9, 2017

Decided and Filed: May 23, 2017

Before: DAUGHTREY, MOORE, and GIBBONS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Gregory Charles Sassé, Cleveland, Ohio, for Appellant. Kimberly Robinson, UNITED STATES ATTORNEY'S OFFICE, Columbus, Ohio, for Appellee. **ON BRIEF:** Gregory Charles Sassé, Cleveland, Ohio, for Appellant. Kimberly Robinson, UNITED STATES ATTORNEY'S OFFICE, Columbus, Ohio, for Appellee.

_____

## OPINION

_____

JULIA SMITH GIBBONS, Circuit Judge. After being indicted on drug, robbery, and gun charges, Dominick Andrews sought to have his indictment dismissed on the grounds that the arresting federal agents had engaged in outrageous conduct. When the district court denied his

motion to dismiss, Andrews entered into a plea agreement under which he would plead guilty to conspiracy to possess cocaine with intent to distribute and aiding and abetting the possession of a firearm in furtherance of a drug-trafficking crime. After his change-of-plea hearing but prior to sentencing, Andrews sought to withdraw his plea, arguing that he had an absolute right to do so because the court had not yet accepted his plea. The district court refused to allow withdrawal, finding that it had accepted the plea and that Andrews had not shown a "fair and just reason" for doing so. On appeal, Andrews argues that the district court erred in refusing to dismiss the indictment and erred in determining that it had accepted his guilty plea. Because the district court expressly declined to accept the plea, we reverse the denial of the motion to withdraw and remand for further proceedings consistent with this opinion.

I.

In February 2014, a federal grand jury in the Southern District of Ohio returned a seven-count indictment against Dominick Andrews and three co-conspirators. Andrews was charged with conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count 1), conspiracy to interfere with commerce by robbery and threats of physical violence in violation of 18 U.S.C. § 1951 (Count 2), aiding and abetting the possession of firearms in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 3 and 4), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 7).

Andrews filed a motion to dismiss the indictment on the grounds that outrageous government conduct violated his constitutional due process rights. He argued that he was recruited to participate in an "all-too-easy stash-house robbery" by undercover agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). The ATF agents had posed as "disgruntled drug couriers" for a Mexican drug-trafficking organization, presented a comprehensive plan to steal twelve kilograms of cocaine, and offered to help the defendants prepare for the robbery. DE 43, Page ID 182–84. They arrested Andrews and his co-conspirators when they arrived at the pre-arranged meeting point for the robbery. *Id.* at 185. Andrews claimed that the agents engineered and directed the criminal activity from start to finish and that he had "no independent role in planning the crime." *Id.* at 186–87. He also argued that

he was targeted only because a confidential informant (CI) identified him as someone who "would buy the fantasy ATF was selling." *Id.* at 188.

The district court denied the motion to dismiss. It credited an ATF agent's testimony that one of the defendants first approached the CI to find "drug dealers he could take down in a robbery" and that ATF had provided the defendants with multiple opportunities to withdraw. DE 64, Page ID 336–37. It applied the test for outrageous government conduct established in *United States v. Barger*, 931 F.2d 359 (6th Cir. 1991), finding that the first and second factors—the need for police conduct and who provided the impetus for the scheme—weighed against defendants when construing all of the evidence in a light most favorable to the prosecution. Considering the similar issue of entrapment, the court concluded that it was more properly raised as a defense at trial because "the undisputed evidence" did not "demonstrate a patently clear absence of predisposition," as is required to establish entrapment as a matter of law. DE 64, Page ID 340. The court made clear that it was not deciding the strength of an entrapment defense, only that the conduct was not so extreme as to require pre-trial dismissal.

Andrews subsequently entered into a written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In exchange for his agreement to plead guilty to Counts 1 and 3, the government agreed to dismiss Counts 2, 4, and 7. Andrews and the government agreed to a sentence of 180 months' imprisonment and that Andrews could withdraw his guilty plea if the district court refused to accept the agreement or impose the agreed-upon sentence.

When the district court reconvened for a change-of-plea hearing on April 22, 2015, Andrews indicated that he wished to change his plea from not guilty to guilty for Counts 1 and 3. The district court engaged Andrews in a colloquy to establish that he had read the plea agreement, that he understood it, that his attorney had explained the legal ramifications of pleading guilty, and that he was not under the influence of drugs or alcohol. The court also confirmed that Andrews understood both the specific implications of the charges against him and the rights he was giving up with his plea. The government reviewed the terms of the plea agreement and Andrews indicated that he was entering the agreement voluntarily, that he was satisfied with the work of his attorney, and that he agreed with the facts underlying the charges in

the indictment. After Andrews pled guilty to Counts 1 and 3, the district court made the following statement:

> Based upon my observations of Dominick in court today and the manner in which he has been answering questions I've been asking, it's obvious that he is in full possession of his faculties, he's not suffering from any apparent physical or mental illnesses, he's clearly not under the influence of any narcotics or alcohol, and he does understand the proceedings in which we are engaged, and he understands the nature and the meaning of the charges set forth in Count One and the consequences as negotiated in the document he's aware of, which culminated in the suggested sentence to the Court.
>
> Therefore, I find that Dominick is fully competent and capable of entering an informed plea. The plea is a guilty plea, it's knowing, it's voluntary, and it's supported by an independent basis in fact which contains each of the essential elements of the offenses charged in Count One and Count Three, all of which occurred in the Southern District of Ohio.
>
> Normally at this time I would go ahead and accept the plea and make a finding of guilty, but since it's a recommended sentence, we have to refer the matter to the Probation Department for a PSI. When that comes back, we'll come back in court and we'll go ahead from there. Okay?

DE 88, Page ID 406–07. The district court did not say anything further with respect to Andrews's plea. The minute entry from the April 22 hearing states: "Counsel present; Guilty Plea entered by Dominick Andrews (3) to Counts 1 and 3 of the Indictment; case to proceed with PSI." DE 66. The criminal minutes indicate that Andrews pled guilty to Counts 1 and 3 and that his plea was "preliminarily" accepted. DE 66, Page ID 349.

In November 2015, Andrews filed a motion to withdraw his guilty plea. He sought to do so as a matter of absolute right pursuant to Rule 11(d)(1), arguing that the district court did not accept his plea at the April 22 hearing. The district court denied Andrews's motion to withdraw. It recognized that Rule 11(d)(1) would allow Andrews to withdraw his guilty plea for any reason but held that it had accepted Andrews's guilty plea at the April 22 hearing and deferred only on accepting the terms of his plea agreement pending the preparation of a pre-sentence investigation report (PSR). Accordingly, the district court applied the higher standard under Rule 11(d)(2) and found that Andrews had failed to show a fair and just reason for requesting the withdrawal.

At his sentencing hearing, Andrews renewed his motion to withdraw. The district court reiterated that Andrews had made a competent, informed, voluntary, and valid plea of guilty and proceeded to sentence Andrews under the terms of the plea agreement—120 months on Count 1 and 60 months on Count 3, to be served consecutively. This was a departure from the Guidelines range of 200 to 235 months. The court dismissed the remaining charges against Andrews and entered judgment. Andrews filed a timely notice of appeal.

## II.

A defendant has an "absolute right to withdraw an unaccepted guilty plea." *United States v. Mendez-Santana*, 645 F.3d 822, 827 (6th Cir. 2011); *see* Fed. R. Crim. P. 11(d)(1) (noting that a defendant may withdraw his guilty plea "for any reason or no reason" so long as he does so "before the court accepts the plea"). Between the time that a court accepts the plea and imposes a sentence, a defendant can withdraw only if "the court rejects a plea agreement under Rule 11(c)(5)" or "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). Andrews does not purport to have a fair and just reason for withdrawal. He argues only that he had an absolute right to withdraw because his plea was never accepted by the district court. Thus, the outcome here turns on whether Andrews's plea was accepted. This presents us with two questions. First, what must a district court do to indicate that it is accepting a defendant's guilty plea? Second, under what standard do we review a district court's determination as to whether it accepted a plea? We address each in turn, noting that both appear to be issues of first impression in our circuit.

## A.

We review the denial of a Rule 11(d)(1) motion to withdraw an unaccepted guilty plea *de novo* but review the denial of a Rule 11(d)(2) motion to withdraw an accepted plea for an abuse of discretion. *Mendez-Santana*, 645 F.3d at 826–27. However, we have yet to establish the appropriate standard of review for the antecedent question that determines whether (d)(1) or (d)(2) applies: whether the guilty plea was accepted.

Four circuits have addressed this question. Three of the four explicitly or implicitly adopted *de novo* review. *See United States v. Arafat*, 789 F.3d 839, 844 (8th Cir. 2015)

(purporting to "independently scrutinize the record" to determine whether the district court accepted a plea); *United States v. Jones*, 472 F.3d 905, 908–09 (D.C. Cir. 2007) (endorsing *de novo* review and finding that an abuse-of-discretion standard "makes little sense given that [the court is] reviewing the district court's interpretation of its own words"); *United States v. Cessa*, 626 F. App'x 464, 467 (5th Cir. 2015) (invoking a policy of *de novo* review for "any questions of law underlying the district court's decision"). The Fourth Circuit, however, explicitly avoided this question, finding error under both *de novo* and abuse-of-discretion review. *United States v. Battle*, 499 F.3d 315, 320 (4th Cir. 2007).

Here, there is no factual dispute as to what occurred in the course of the proceedings before the district court. The only issue is whether the district court's words and actions constitute its acceptance of Andrews's guilty plea. We see this as a decision with legal consequence as it implicates the appropriate standard to apply under Rule 11(d) for the purposes of deciding a motion to withdraw. Additionally, as the D.C. Circuit recognized, a determination that the plea was not accepted eliminates any discretion on the part of the district court with respect to the motion to withdraw. *Jones*, 472 F.3d at 908; *see also* Fed. R. Crim. P. 11(d)(1); *Mendez-Santana*, 645 F.3d at 827 (finding that a district court lacks any discretion to deny a motion to withdraw an unaccepted plea). Accordingly, in line with the other circuits to consider this issue, we will treat the evaluation of whether a guilty plea was accepted as a question of law subject to *de novo* review. *See, e.g., Jones*, 472 F.3d at 908–09.

B.

Under Rule 11(b), the district court must take a series of steps before it can accept a guilty plea. It must advise the defendant of the consequences of his plea, ensure that the defendant understands theses consequences in open court, and ensure that the defendant is entering the plea voluntarily. Fed. R. Crim. P. 11(b). And before entering judgment, the court must determine that there is a factual basis for the plea. *Id.* Rule 11 also explicitly allows a district court to accept a guilty plea, but defer on deciding whether it will accept a plea agreement. Fed. R. Crim. P. 11 advisory committee's note to 2002 amendments; *see also United States v. Hyde*, 520 U.S. 670 (1997). But the Rules do not specifically state what a district court must do to accept a defendant's guilty plea. *See United States v. Davila-Ruiz*, 790 F.3d 249, 252

(1st Cir. 2015); *United States v. Battle*, 499 F.3d 315, 321 (4th Cir. 2007); *Cessa*, 626 F. App'x at 468; *Arafat*, 789 F.3d at 844; *United States v. Byrum*, 567 F.3d 1255, 1261 (10th Cir. 2009) ("Rule 11 does not specify how a district court must signal its acceptance of a guilty plea; rather it provides an outline of three broad prerequisites.").

The circuits that have considered what is required to indicate acceptance of a guilty plea appear to agree that the decision to "provisionally" or "conditionally" accept a guilty plea pending the court's review of the defendant's PSR is enough to establish acceptance and trigger the "fair and just" standard for withdrawal under Rule 11(d)(2). *Byrum*, 567 F.3d at 1259–62; *see also Battle*, 499 F.3d at 320–22; *Jones*, 472 F.3d at 908.

There also appears to be a consensus that a proper Rule 11 colloquy creates the presumption that a guilty plea was accepted. *Battle*, 499 F.3d at 321–22; *see also Byrum*, 567 F.3d at 1260–61; *Arafat*, 789 F.3d at 844–45. But both the Seventh and Eighth Circuits have found that a guilty plea was not accepted despite a proper Rule 11 colloquy when the district court explicitly deferred acceptance of the plea. *United States v. Tyerman*, 641 F.3d 936, 938, 940–43 (8th Cir. 2011) ("I'm going to put off accepting your plea because I want the opportunity to review the presentence report."); *United States v. Head*, 340 F.3d 628, 630–31 (8th Cir. 2003); *United States v. Shaker*, 279 F.3d 494, 495–98 (7th Cir. 2002) ("I am deferring my decision on acceptance or rejection of your guilty plea and your Plea Agreement until after I've had an opportunity to study the Presentence Report. If your plea of guilty and your Plea Agreement are then accepted, I will so advise you."); *see also Arafat*, 789 F.3d at 845 (interpreting *Tyerman* and *Head* to allow withdrawal when "express language" indicated that it had not been accepted).

Much of the context surrounding Andrews's change-of-plea hearing certainly indicates that the district court was on a path to, and may have intended to, accept his guilty plea. The district court conducted a Rule 11 colloquy and found that Andrews could make a voluntary, knowing, and intelligent plea. Andrews actually pled guilty to Counts 1 and 3 of the Indictment. And the minutes from the change-of-plea hearing indicate that the plea was preliminarily accepted. Without more, we might have concluded that the district court had accepted Andrews's plea. *See Byrum*, 567 F.3d at 1259–62. However, we cannot ignore the following statement by the district court during Andrews's change-of-plea hearing:

> Normally at this time I would go ahead and accept the plea and make a finding of guilty, but since it's a recommended sentence, we have to refer the matter to the Probation Department for a PSI. When that comes back, we'll come back in court and we'll go ahead from there. Okay?

DE 88, Page ID 407. We cannot read this statement in any way other than to set forth an additional step that must occur before the court would accept the plea. And nothing in the transcript indicates that the district court had preliminarily, provisionally, conditionally, or fully accepted the plea on the record at the April 22 hearing.[1] In saying what it did, the district court explicitly deferred its acceptance of the plea. For this reason, we find that the court did not accept Andrews's guilty plea at the April 22 hearing. *See Tyerman*, 641 F.3d at 940–43; *Head*, 340 F.3d at 630–31; *Shaker*, 279 F.3d at 495.

In reaching this conclusion, we decline to establish specific steps that a district court must take to accept a guilty plea. We also decline to hypothesize as to how our holding would change had the district court conditionally or preliminarily accepted the plea.[2] Instead, we hold only that when a district court, while on the record, explicitly defers any acceptance of a plea until a later point in time, the plea has not been accepted for the purposes of Rule 11(d).[3]

### III.

Our determination that Andrews must be allowed to withdraw his guilty plea necessarily calls into question both the judgment against him and his sentence. This is problematic because

---

[1]The government asks us to put great weight on the criminal minutes, which indicate that the plea was preliminarily accepted. Although we recognize that the minutes provide some guidance as to what occurred, we see two problems in giving them controlling weight. First, there is no indication that the minutes were signed or otherwise adopted by the district court judge. Second, and more importantly, the minutes directly contradict the statement that the district court made on the record during the hearing.

[2]We note that other courts have found such language acceptable for the purposes of Rule 11(d). *See Byrum*, 567 F.3d at 1259–62; *Battle*, 499 F.3d at 320–22; *Jones*, 472 F.3d at 908.

[3]A district court's decision to defer acceptance should not be construed as improper. In fact, when a sentence in a plea agreement is binding, good reason exists to wait to see the PSR before deciding whether to accept the plea. This rule—that explicitly deferring acceptance of a plea cannot constitute acceptance of that plea—preserves flexibility for both local practice and case-specific situations in which a district court may wish to decline any acceptance of a plea prior to reviewing the PSR. In the interests of clarity to all parties, such a decision retains, for the defendant, the absolute right to withdraw his guilty plea until it is otherwise accepted by the court or until a sentence is imposed. And if the district court would like to limit a defendant's ability to withdraw, it can always explicitly accept the plea at the time it is offered while deferring acceptance of the plea agreement.

the lack of a final judgment removes our appellate jurisdiction, at this point, to decide the motion to dismiss the indictment for outrageous government conduct. *See Flanagan v. United States*, 465 U.S. 259, 263 (1984); *see also* 28 U.S.C. § 1291.

"As a general rule, a pretrial order denying a defendant's motion to dismiss an indictment is not an appealable 'final decision' under [28 U.S.C. § 1291]." *United States v. Bilsky*, 664 F.2d 613, 615 (6th Cir. 1981). This is subject to a limited exception—the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1978). We allow for the interlocutory appeal of a collateral order that (1) conclusively decides the disputed issue; (2) resolves an important issue that is separate and independent from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. *Bilsky*, 664 F.2d at 616 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978)).

We apply this doctrine narrowly in the criminal context. We permit interlocutory appeal "in only two situations[:] . . . orders denying motions to dismiss on double jeopardy grounds . . . [and] orders denying motions to reduce bail before trial." *United States v. Bratcher*, 833 F.2d 69, 72 (6th Cir. 1987); *see also United States v. Goff*, 187 F. App'x 486, 495 (6th Cir. 2006) (dismissing the appeal of an order denying a grand jury abuse motion); *United States v. Sisk*, 629 F.2d 1174, 1181 (6th Cir. 1980) (refusing interlocutory appeal on a motion to dismiss the indictment for failure to state an offense). And we have expressly refused to apply this exception to due-process claims. *United States v. Burgess*, 931 F.2d 893 (6th Cir. 1991) (table).

Andrews's motion to dismiss will still be reviewable after subsequent proceedings in the district court and the question of whether the government induced Andrews and his co-conspirators is not separate and independent from the merits of the charges Andrews faces. Thus, we need not consider the motion to dismiss prior to a final judgment in district court.

IV.

On November 16, 2016, Andrews filed a motion to supplement his appellate brief and add, as an assignment of error, the claim that "crime of violence" as used in 18 U.S.C. § 924(c), is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Andrews, however, was not indicted for possessing a firearm during and in relation to a crime of

violence. He was indicted for firearm possession in relation to a drug-trafficking crime. His plea agreement and judgment similarly reflect that the firearm possession charge involved a drug-trafficking crime, not a crime of violence. We need not decide anything on this issue given our decision to remand the case. Accordingly, we deny the motion to supplement briefing.

## V.

For the foregoing reasons, we reverse the decision of the district court and remand this case with the instruction that Andrews be allowed to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(1) and for further proceedings consistent with this opinion.