**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NANCY ISABEL MORALES
RODRIGUEZ,

    Defendant - Appellant.

No. 23-6158
(D.C. No. 5:22-CR-00005-R-14)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

A jury convicted Nancy Isabel Morales Rodriguez of drug-trafficking crimes, and the district court sentenced her to 120 months' imprisonment. Ms. Morales now appeals.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In response to an inquiry by the district court, Ms. Morales stated she should be called "Ms. Morales" rather than "Ms. Rodriguez."

**BACKGROUND**

Ms. Morales was indicted with two counts: (1) participating in a conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and (2) distributing five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). She went to trial before a jury, which found her guilty on both counts.

A month after the trial, Ms. Morales filed a pro se letter indicating dissatisfaction with her conviction and her counsel. She asked the court "for the chance to take back [her] guilty plea, under the grounds of [her] whole story not being said nor explained." R. Vol. I at 233. She further asked to "terminat[e] [her] lawyer" because she did not "feel that he's been honest with the judicial system by advising [her] to not be honest about [her] full story and whole situation." *Id.* She also did not "feel like he is representing [her] to the best of his ability, which has caused a conflict of interest between [them]." *Id.*

In response, Ms. Morales's counsel moved to withdraw. Counsel informed the court he had attempted to speak with Ms. Morales, but she had declined and had directed him to file the motion to withdraw. He stated that "[d]ue to allegations of ineffective assistance of counsel, [he] is not in a legal, or ethical position to continue his representation" and that he "would submit that a break down in the Attorney/Client relationship has arisen." *Id.* at 237.

The district court held a hearing to explore the allegations in Ms. Morales's letter. At the hearing, Ms. Morales initially said she did not believe counsel could

2

continue representing her. The district court discussed her concerns, and it heard from counsel. It ascertained there was no actual conflict of interest, but Ms. Morales perceived she was not being adequately represented. Telling her it was satisfied she was being adequately represented and it believed her best option was to continue with her counsel, the court asked if she would try to work with counsel. She replied she was willing to do so, but she wanted more information when she asked questions. After directing counsel to spend time with Ms. Morales and answer all her questions in preparation for sentencing, the district court denied Ms. Morales's motion for substitute counsel and counsel's motion to withdraw.[2]

Four months later, the district court sentenced Ms. Morales to the statutory mandatory minimum of 120 months' imprisonment on each count, to be served concurrently. Ms. Morales now appeals.

## DISCUSSION

Represented by new counsel, Ms. Rodriguez makes only one argument on appeal: that the district court erred in denying her motion to substitute counsel. We review the denial of substitute counsel for abuse of discretion. *United States v. Williamson*, 859 F.3d 843, 857 (10th Cir. 2017). "The overriding question is whether the district court's decision was one of the rationally available choices given the facts and the applicable law in the case at hand." *United States v. Clark*, 717 F.3d 790,

---

[2] The court granted a separate motion to withdraw by a second attorney who had been participating for training purposes, concluding dual representation was not necessary for sentencing. Ms. Morales does not challenge that decision, and it is not an issue in this appeal.

810 (10th Cir. 2013) (internal quotation marks omitted). "In the absence of specific findings by the court, we construe the evidence in the light most favorable to the court's ruling." *United States v. Dunbar*, 718 F.3d 1268, 1277 (10th Cir. 2013).

"To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *Id.* at 1276 (internal quotation marks omitted). This is a "high standard" for a defendant to meet. *United States v. Hutchinson*, 573 F.3d 1011, 1025 (10th Cir. 2009). We analyze four factors, considering whether

> (1) the defendant's request was timely; (2) the trial court adequately inquired into the reasons for making the request; (3) the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (4) the defendant substantially and unreasonably contributed to the breakdown in communications.

*Williamson*, 859 F.3d at 860.

Ms. Morales suggests there was a complete breakdown of communication.[3] She contends that her motion was timely, that the district court's inquiry was inadequate, and that she agreed to keep her attorney "reluctantly . . . because the district court ruled that he was effective" and "[t]here was nothing she could do at

---

[3] Ms. Morales also vaguely refers to ineffective assistance of counsel, but we generally defer ineffective assistance claims to collateral proceedings, *see United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc), and we see no reason to depart from that rule here. *See United States v. Vargas*, 316 F.3d 1163, 1165 (10th Cir. 2003) (noting new counsel "appears to partially characterize this case as an ineffective assistance of counsel claim," and "[i]f that were an accurate description, such a claim would presumptively be dismissed in this circuit"). We therefore express no opinion on ineffective assistance of counsel.

that point." Aplt. Opening Br. at 8-9. She does not address the fourth factor. We conclude the first factor favors Ms. Morales, but the remaining three factors do not.

The government concedes Ms. Morales's motion was timely, and we agree. It was filed only a month after trial, and five months before sentencing. *See United States v. Lott*, 433 F.3d 718, 725 (10th Cir. 2006) (accepting as timely a motion to substitute filed three months before sentencing). Accordingly, the first factor weighs in favor of Ms. Morales.

The second factor addresses the district court's obligation to inquire into the circumstances. *See Dunbar*, 718 F.3d at 1276 ("When presented with a motion to substitute counsel, the district court is under a duty to make formal inquiry into the defendant's reasons for dissatisfaction with present counsel." (brackets and internal quotation marks omitted)). Although the district court held a hearing, Ms. Morales asserts its "inquiry into the merits was non-existent. The district court immediately countered the defendant and said that her attorney was in fact effective." Aplt. Opening Br. at 8. This description, however, is inaccurate.

At the hearing, the district court asked Ms. Morales about the grounds for her motion. When she said she wanted a chance to tell her side of the story, it informed her she would have that opportunity at sentencing. The court heard her concerns that her attorney had not given her enough information and had not asserted an available defense, and then it heard counsel's response to those concerns. It determined Ms. Morales was not truly intending to assert a conflict of interest, but that she was concerned about the quality of the representation. Only then did the court tell her

5

that it believed she was being represented adequately and that her best course was to continue with counsel. Contrary to Ms. Morales's assertions, the court did not contradict her without any further inquiry. Further, it was not improper for the court to opine on counsel's performance. *See United States v. Byrum*, 567 F.3d 1255, 1266 (10th Cir. 2009); *United States v. Beers*, 189 F.3d 1297, 1302 (10th Cir. 1999). Because the district court adequately inquired into the reasons for requesting substitute counsel, the second factor weighs against Ms. Morales.

As for the third factor, "[m]ere strategic disagreement between a defendant and [her] attorney is not enough to show good cause; rather, there must be a total breakdown in communications." *Dunbar*, 718 F.3d at 1276 (internal quotation marks omitted). Accordingly, Ms. Morales's dissatisfaction with counsel's defense does not establish the district court erred in denying her motion.

The record does not support finding a total breakdown in communications. After initially expressing reluctance to continue with her counsel, Ms. Morales eventually informed the court she would be willing to work with counsel if he gave her more information. The court directed counsel to spend the time necessary to answer her questions, and counsel agreed to do so. On appeal, Ms. Morales asserts she only "reluctantly agreed to keeping [counsel] in the end because the district court ruled that he was effective." Aplt. Opening Br. at 8. But even if her agreement was reluctant, it supports a conclusion there was not a total lack of communication. *See United States v. Holloway*, 939 F.3d 1088, 1099 (10th Cir. 2019) ("Conflict that results in a total breakdown of communication exists where the defendant and

6

counsel *could not, in any manner, communicate*." (emphasis added)).  The third factor therefore weighs against her.

Finally, the fourth factor requires examining Ms. Morales's role.  It appears she substantially contributed to any breakdown in communications because she declined to speak with counsel.  Accordingly, the fourth factor also weighs against her.  *See id.* at 1102 ("A defendant cannot simply manufacture a breakdown in communication and thereby give rise to a constitutional violation." (internal quotation marks omitted)).

With three factors weighing against Ms. Morales, it was a rationally available choice to deny the motion for substitute counsel.  We see no abuse of discretion.  *See Lott*, 433 F.3d at 726 (affirming the denial of a timely motion to substitute counsel because "the district court did not abuse its discretion in concluding the other three . . . factors weighed against finding a complete breakdown in communication").

## CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Bobby R. Baldock
Circuit Judge

7