PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3133
_____

UNITED STATES OF AMERICA

v.

JULIO I. RIVERA,
            Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-18-cr-00518-001)
District Judge: Honorable Madeline C. Arleo

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 18, 2022

Before: HARDIMAN, PORTER and FISHER, *Circuit
Judges*.

(Filed: March 17, 2023)

Peter W. Till
Law Office of Peter W. Till
105 Morris Avenue, Suite 201
Springfield, NJ 07081
        *Counsel for Appellant*

Mark E. Coyne
Richard J. Ramsay
Office of United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102
        *Counsel for Appellee*

_____

OPINION OF THE COURT
_____


FISHER, *Circuit Judge*.

        Julio Rivera, a former Newark police officer, pleaded guilty to accepting corrupt payments from brothel owners and preparing false tax returns. He did so pursuant to a plea agreement that waived his right to file certain appeals. At the end of the hearing at which Rivera pleaded guilty, the District Court stated both that "I'm going to conditionally accept this plea," and "I anticipate that I will accept that plea . . . , but I'm allowing the opportunity for the Court to review all the information . . . contained in the final presentence report." App. 53. Nine months later, Rivera moved to withdraw his plea, claiming the District Court had deferred acceptance of it until the sentencing, which had not taken place yet. Therefore, he said, Federal Rule of Criminal Procedure 11(d) permitted

2

him to withdraw his plea "for any reason or no reason." The District Court denied Rivera's motion, holding that while it had deferred acceptance of the plea agreement, it had accepted the plea itself—so the plea could not be withdrawn absent "a fair and just reason," which Rivera had not shown. *See* Fed. R. Crim. P. 11(d)(2)(B). At sentencing, the District Court accepted the plea agreement and imposed the agreed upon sentence. For the reasons that follow, we will enforce the waiver of Rivera's right to appeal his sentence and affirm the judgment of the District Court.

I.

A.  Factual History

Appellant Julio Rivera was a police officer with the Newark Police Department from 1993 to 2018. According to the facts contained in the presentence report and found by the District Court, Rivera collected $78,941 in bribes from three brothel owners in Newark. In exchange for the bribes, he protected the owners from arrest, used law enforcement resources to assist them, and made things difficult for competing brothels. Rivera also underreported his income on his tax returns by excluding the income from the bribes, for which he should have paid $17,408 in federal taxes.

In 2018, a grand jury in the District of New Jersey brought a fourteen-count indictment against Rivera. Rivera and the Government then entered into a plea agreement under which Rivera pleaded guilty to one count of accepting corrupt payments with the intent to be influenced and rewarded, in violation of 18 U.S.C. § 666(a)(1)(B)–(2), and one count of aiding and assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2). In return, the Government agreed to move to dismiss the remaining 12 counts of the

3

indictment if Rivera pleaded guilty and was sentenced to 46 months' incarceration. *See* Fed. R. Crim. P. 11(c)(1)(C) (permitting a plea agreement under which the government "agree[s] that a specific sentence . . . is the appropriate disposition of the case"). The plea agreement also included an appellate waiver that Rivera attested he read and fully understood:

> As set forth in Schedule A, this Office and Rivera waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the *conviction or sentence* imposed by the Court if the plea is accepted and the sentence is imposed in accordance with the terms of this agreement.

App. 30 (emphasis added). However, the appellate waiver's terms, "[a]s set forth in Schedule A," differed from those mentioned in the plea agreement letter:

> Rivera knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the *sentence* imposed by the sentencing Court if the sentence imposed is the Stipulated Sentence.

App. 35–36 (emphasis added).

4

B.  Procedural History

On January 9, 2020, Rivera appeared before the District Court in order to plead guilty. The District Court conducted a colloquy as required by Federal Rule of Criminal Procedure 11(b), including questioning Rivera under oath to ensure he was voluntarily and knowingly entering the plea. The colloquy included Rivera's understanding of the appellate waiver:

> THE COURT: Specifically, do you understand if I sentence you to 46 months in prison that you cannot appeal, challenging your sentence?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand if I impose a term of imprisonment of 46 months, you will not be able to file any kind of appeal, a 2255, or any other challenge or attack on your term of imprisonment or any other aspect of your sentence?
>
> THE DEFENDANT: I do, your Honor.

App. 48. Rivera affirmed that he committed the essential elements of the charges. The District Court then found that Rivera was competent, he knowingly and voluntarily entered the plea, and the plea was supported by an independent basis in fact.

What occurred next is the subject of this appeal. The District Court stated: "So I'm going to conditionally accept this plea, based upon my receipt and examination of the final pretrial report, and the Defendant is now adjudged guilty of the offenses." App. 53. After explaining that Rivera would have the opportunity to read the presentence report prior to

5

sentencing, the District Court concluded, "I anticipate that I will accept that plea, I will not reject the plea at the time of sentencing, but I'm allowing the opportunity for the Court to review all the information as well contained in the final presentence report." *Id.*

Nine months later, Rivera moved to withdraw his plea under Federal Rule of Criminal Procedure 11(d)(1), which allows a defendant to withdraw his guilty plea "before the court accepts the plea, for any reason or no reason." Rivera argued the District Court had not accepted his plea at the hearing, but instead deferred acceptance until sentencing. Alternatively, he argued he could withdraw his plea under Rule 11(d)(2)(B)—which permits withdrawal "after the court accepts the plea, but before it imposes [a] sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal"—based on his innocence, weaknesses in the Government's case, and the lack of prejudice to the Government should his plea be withdrawn. The District Court denied Rivera's motion, holding it had accepted Rivera's guilty plea at the plea hearing and deferred acceptance only of the plea agreement pending its review of the presentence report. Additionally, the District Court held Rivera failed to show a "fair and just reason" for requesting withdrawal under Rule 11(d)(2)(B) after the Court accepted the plea.

Rivera's sentencing hearing took place a year later. At the hearing, the District Court accepted the plea agreement. The Government requested that the Court impose the stipulated 46-month sentence; Rivera asked for a modified term, blaming his plea attorney for the entry of what he argues was an unknowing and involuntary plea. The District Court then considered the 18 U.S.C. § 3553(a) factors before sentencing Rivera to 46 months' imprisonment.

Rivera appeals.

6

## II.[1]

Although the arguments in Rivera's brief are far from clear, we discern one primary contention: the District Court should have allowed him to withdraw his plea under Federal Rule of Criminal Procedure 11(d)(1) because the Court did not clearly accept his guilty plea prior to his attempted withdrawal. If the District Court accepted Rivera's guilty plea prior to his motion to withdraw, then Rivera could withdraw the plea only if he could "show a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). Conversely, if the District Court did not accept Rivera's guilty plea prior to his motion to withdraw, then he could withdraw "for any reason or no reason." Fed. R. Crim. P. 11(d)(1). Rivera also challenges his sentence, arguing the District Court failed to sufficiently consider the 18 U.S.C. § 3553(a) factors during sentencing. But to determine whether Rivera may raise these issues on appeal, we must address the scope and validity of the appellate waiver in Rivera's plea agreement.

"A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995). This can include waiving the opportunity to appeal via a waiver provision in a plea agreement. *United States v. Khattak*, 273 F.3d 557, 561 (3d Cir. 2001). This Court "will enforce an appellate waiver and decline to review the merits of an appeal where we conclude (1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 18 U.S.C. § 3742 (review of a sentence) and 28 U.S.C. § 1291 (final decisions of district courts).

and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." *United States v. Grimes*, 739 F.3d 125, 128–29 (3d Cir. 2014) (quoting *United States v. Wilson*, 707 F.3d 412, 414 (3d Cir. 2013)).

## A. Scope of Appellate Waiver

First, we must determine whether Rivera's appeal falls within the scope of his appellate waiver. *Id.* Whether a claim raised on appeal falls within the scope of an appellate waiver is a question we review de novo. *Wilson*, 707 F.3d at 414. In determining the scope of an appellate waiver provision, we look to the "well-established principle that plea agreements, although arising in the criminal context, are analyzed under contract law standards." *United States v. Goodson*, 544 F.3d 529, 535 n.3 (3d Cir. 2008) (internal quotation marks, citation, and alternations omitted). The language of the appellate waiver, like that of a contract, is critical to the analysis, and "such waivers must be 'strictly construed.'" *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008) (quoting *Khattak*, 273 F.3d at 562). "Thus, we begin our analysis as we would with any contract, by examining first the text." *United States v. Damon*, 933 F.3d 269, 272–73 (3d Cir. 2019) (internal quotation marks, citation, and alteration omitted).

Here, there is an inconsistency between the plea agreement letter and its Schedule A concerning the scope of the appellate waiver.[2] The plea agreement letter states, "As set forth in Schedule A, this Office and Rivera waive certain rights

---

[2] The parties do not bring up this issue in their briefing. However, we must discuss the inconsistency to determine the scope of the appellate waiver.

8

to file an appeal . . . which challenges the *conviction or sentence* imposed by the Court." App. 30 (emphasis added). But the waiver "set forth in Schedule A" merely states, "Rivera knows that he has and, except as noted below in this paragraph, voluntarily waived the right to file any appeal . . . which challenges the *sentence* imposed by the sentencing Court." App. 35 (emphasis added). When the reader follows the plea agreement letter's clear instructions, there is only one reasonable interpretation of scope of the appellate waiver. The plea agreement letter directs the reader to Schedule A to determine the waiver's scope: Rivera is barred from raising challenges on appeal "[a]s set forth in Schedule A." App. 35. Schedule A states that Rivera waives his right to appeal his sentence but is silent as to his conviction. So when we strictly construe the text of the waiver, it is clear that Rivera did not waive the right to appeal his conviction. Accordingly, we conclude that Rivera's appellate waiver covers any challenge he raised against his sentence but does not cover challenges to his conviction. He may appeal the latter, but not the former.

## B. Rivera's Sentence

Rivera challenges the procedural reasonableness of his sentence, arguing the District Court failed to sufficiently consider the 18 U.S.C. § 3553(a) factors during sentencing. But, as discussed above, his plea waived challenges to his sentence. As such, Rivera's appellate waiver forecloses his challenge unless he did not knowingly and voluntarily agree to the waiver or enforcing the waiver would work a miscarriage of justice. *Grimes*, 739 F.3d at 128–29. Rivera does not challenge the knowing and voluntary nature of his waiver on appeal, so we must determine whether enforcing the waiver would constitute a miscarriage of justice.

To determine whether enforcing a waiver in a plea agreement works a miscarriage of justice, we consider "[t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Khattak*, 273 F.3d at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 25–26 (1st Cir. 2001)). To qualify as a miscarriage of justice, "[i]t is not enough that an issue [is] meritorious"; after all, appellate waivers are intended to preclude review not just of frivolous questions, but of difficult and debatable legal issues we would otherwise consider. *United States v. Castro*, 704 F.3d 125, 136 n.6 (3d Cir. 2013). Rather, the miscarriage of justice exception to appellate waivers applies only in "unusual circumstance[s] . . . with the aim of avoiding manifest injustice." *Grimes*, 739 F.3d at 130 (quoting *Castro*, 704 F.3d at 136).

Enforcing the appellate waiver would not constitute a miscarriage of justice because there was no error in the first instance. Rivera stipulated to a 46-month sentence in the plea agreement and agreed the term was reasonable. During the Rule 11 colloquy, the District Court explained to Rivera that because he entered a stipulated plea, it would not exercise discretion to impose a sentence other than the fixed 46 months. The District Court then sentenced Rivera to the stipulated sentence. Because there was no error, it is not a miscarriage of justice to enforce the appellate waiver.

## C. Rivera's Conviction

We have established that Rivera may not challenge his sentence on appeal, but that does not necessarily foreclose his

primary argument here: that the District Court should have allowed him to withdraw his guilty plea. Clearly, the withdrawal of a guilty plea does not concern a defendant's sentence. Instead, it is a challenge to a conviction on appeal, as other Circuits—and this Court in non-precedential opinions—have concluded. *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012); *United States v. Alcala*, 678 F.3d 574, 578 & n.1 (7th Cir. 2012); *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001); *United States v. Daniels*, 278 F. App'x 161, 162 (3d Cir. 2008); *United States v. Roskovski*, 2022 WL 4116911, at *3 (3d Cir. Sept. 9, 2022). *See also United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam).

Thus, Rivera's appeal of the denial to withdraw his guilty plea challenges the conviction and falls outside the scope of the appellate waiver. We will exercise jurisdiction and review the merits of Rivera's appeal.

## D. Withdrawal of Guilty Plea

Rivera argues that the District Court should have allowed him to withdraw his guilty plea. We must determine whether the District Court accepted Rivera's guilty plea during the Rule 11 hearing, prior to his attempted withdrawal. If the Court did not, Rivera should have been permitted to withdraw his plea "for any reason or no reason." Fed. R. Crim. P. 11(d)(1). If the Court had accepted the plea, then Rivera's withdrawal would only have been permissible upon a showing of a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B).

### 1. Standard of Review

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005). But we have not yet established the

11

appropriate standard of review for the "antecedent question"—whether the district court accepted the guilty plea prior to the defendant filing a motion to withdraw. *United States v. Andrews*, 857 F.3d 734, 739 (6th Cir. 2017); *United States v. Overton*, 24 F.4th 870, 874–75 (2d Cir. 2022). There is no factual dispute about what occurred during the proceedings. Instead, we need only determine whether the District Court's statements during the plea hearing constituted acceptance of Rivera's guilty plea. This is a legal question because "it implicates the appropriate standard to apply under Rule 11(d) for the purposes of deciding a motion to withdraw." *Andrews*, 857 F.3d at 739.

Thus, like other Circuits that have considered this issue, we will evaluate the question of whether a guilty plea was accepted on a de novo basis. *See, e.g.*, *United States v. Byrum*, 567 F.3d 1255, 1259 (10th Cir. 2009) (stating "de novo review is more appropriate"); *United States v. Arafat*, 789 F.3d 839, 844 (8th Cir. 2015) (holding it would "independently scrutinize[] the record" to determine whether the district court accepted a plea) (citation omitted); *United States v. Jones*, 472 F.3d 905, 909 (D.C. Cir. 2007) ("our review is de novo"); *Overton*, 24 F.4th at 875 ("de novo review is [the] more appropriate" standard (quoting *Byrum*, 567 F.3d at 1259)).

## 2. Acceptance of the Guilty Plea

We now turn to our de novo review of whether the District Court accepted Rivera's plea. The answer to this question determines whether Rivera was permitted to withdraw the plea for "any reason" or whether he needed a "fair and just reason." Fed. R. Crim. P. 11(d). If he should have been permitted to withdraw for any reason, then the District Court abused its discretion by denying his motion to withdraw. But

if Rivera needed a "fair and just reason," then we must determine whether he provided such a reason. If he provided such a reason, then the District Court abused its discretion by denying his motion to withdraw. In order to know which of these two situations we are dealing with, we must determine whether the plea was accepted.

"Guilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time." *United States v. Hyde*, 520 U.S. 670, 674 (1997); *see also* Fed. R. Crim. P. 11(c)(3)(A) ("[T]he court may . . . defer a decision [on whether to accept a plea agreement] until [it] has reviewed the presentence report."). To determine if a guilty plea was accepted, we look to the district court's language and its context, including whether it adjudged the defendant guilty following the plea colloquy. *Byrum*, 567 F.3d at 1261. Other Circuits have seen the fact of a completed Rule 11 colloquy as strong evidence that the plea has been accepted. *See id.*; *United States v. Battle*, 499 F.3d 315, 321–22 (4th Cir. 2007); *Arafat*, 789 F.3d at 846. This is logical because when a Rule 11 colloquy occurs, the defendant admits to his guilt as well as the facts relating to his criminal conduct. He also has been advised by the court of the consequences of pleading guilty. Thus, after "such a colloquy, a defendant has no reason to believe he can freely withdraw his plea." *Byrum*, 567 F.3d at 1261.

During the Rule 11 colloquy, the District Court spoke imprecisely, often using the terms "plea" and "plea agreement" interchangeably. This includes, most importantly, when the District Court stated:

> THE COURT: So I'm going to conditionally accept this plea, based upon my receipt and examination of the final pretrial report, and the

13

> Defendant is now adjudged guilty of the offenses...
>
> I anticipate that I will accept that plea, I will not reject the plea at the time of sentencing.

App. 53. Despite the District Court's imprecision, the transcript shows it accepted Rivera's guilty plea. The District Court conducted a Rule 11 colloquy during which it asked Rivera if he was pleading guilty of his own free will and elicited the factual basis for each element of Rivera's charged crimes. Though the District Court ended the hearing by stating it would "conditionally accept [Rivera's] plea," it unequivocally said, "[T]he Defendant is now adjudged guilty of the offenses." *Id.*

The use of the term "conditional" does not change the analysis. "Rule 11, in fact, contemplates an acceptance of a guilty plea *conditioned* on the ultimate acceptance or rejection of the plea agreement. . . . [but] does not necessarily envision a deferral of a decision on the plea itself." *Byrum*, 567 F.3d at 1261. Conditional acceptance signifies that if the District Court had rejected the plea agreement due to the presentence report, then Rivera would have been permitted to withdraw his guilty plea. But that did not happen here. *See id.* at 1263 (finding the district court's provisional acceptance of a guilty plea proper, after the district court stated, "I am not going to accept the plea until I review the presentence report . . . I will accept it provisionally subject to that review.") (emphasis omitted); *see also United States v. Robinson*, 587 F.3d 1122, 1126 (D.C. Cir. 2009) ("While the district court at times used the terms 'plea' and 'plea agreement' interchangeably, . . . the transcript of the plea hearing, read in its entirety, establishes that the court accepted the appellants' guilty pleas.").

Based on the entire record it is clear the District Court accepted Rivera's guilty plea. While the Court was imprecise at certain moments, it accepted the plea at the Rule 11 colloquy months prior to Rivera's attempt to withdraw it.

### 3. "Fair and Just Reason" for Withdrawal

Because the District Court accepted Rivera's plea before he filed his motion to withdraw, Rivera needed to provide a "fair and just reason" to warrant the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). We now consider whether Rivera's provided reasons were fair and just.

The defendant "bears a substantial burden of showing a fair and just reason for the withdrawal of his plea." *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011) (internal quotation marks and citation omitted). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (quoting *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001)). When evaluating whether there are "fair and just" reasons for a withdrawal of a plea, a court "must consider three factors . . . : (1) whether the defendant asserts his innocence; (2) the strength of the

15

defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Id.*[3]

Despite doing so at the District Court, Rivera does not assert his innocence on appeal. However, he offers arguments relevant to the second and third factors.

With regard to the second factor—the strength of his reasons for withdrawal—Rivera says he believed the guilty plea would not be accepted until sentencing and we should defer to his understanding. But Rivera cites no caselaw that prioritizes a defendant's understanding over the plain language of the District Court—that "the Defendant is now adjudged guilty of the offenses." App. 53. Rivera also contends the Government selectively prosecuted him and ignored the corrupt brothel owners. Raising this argument on appeal for the first time, Rivera does not allege any "unjustifiable standard such as race, religion, or other arbitrary classification" underlying his prosecution—and without this kind of "arbitrary classification," he cannot successfully advance a selective prosecution claim. *Wayte v. United States*, 470 U.S. 598, 608 (1985) (citation omitted).

Turning to the third factor—whether the Government would be prejudiced by a withdrawal—Rivera's arguments are unpersuasive. He contends that the fact that witnesses' memories are fading does not supersede his criminal rights.

---

[3] *Jones* cites the "fair and just" standard from the former Federal Rule of Criminal Procedure 32. The Rules were amended in 2002 to "move the substance of prior Rule 32 authorizing defendants to seek the withdrawal of a guilty plea prior to sentencing to Fed. R. Crim. P. 11(d). Because the substance of the rule has not changed, precedent referring to Rule 32 continues to be authoritative." *Wilson*, 429 F.3d at 458 n.2.

Even if Rivera was correct, which he is not, "the Government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea." *Jones*, 336 F.3d at 255. Because Rivera failed to meaningfully reassert his innocence or provide a strong reason for withdrawing his plea, the Government was not required to show prejudice. Therefore, Rivera does not provide a "fair and just reason" for withdrawal, and the District Court did not abuse its discretion in denying the motion.

\* \* \*

Rivera's attack on the District Court's denial of the motion to withdraw his guilty plea falls outside of the scope of his appellate waiver because Rivera did not waive the right to appeal his conviction. When reviewing Rivera's contention on the merits, it fails. The District Court accepted his guilty plea at the Rule 11 hearing. Because Rivera does not provide a "fair and just" reason for withdrawal, we conclude the District Court did not abuse its discretion in denying the motion to withdraw the guilty plea.

## III.

For these reasons, we will enforce the waiver of Rivera's sentence and affirm the judgment of the District Court.