NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2500
_____

UNITED STATES OF AMERICA

v.

RAYMOND J. KRAYNAK,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 4-17-cr-00403-001
Chief District Judge:  The Honorable Matthew W. Brann

_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 30, 2023

Before: JORDAN, KRAUSE, and SMITH, *Circuit Judges*

(Filed July 20, 2023)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge.*

Raymond Kraynak pled guilty to unlawfully distributing opioids outside the usual course of professional practice. He now seeks to withdraw his guilty plea, claiming that he is legally innocent and that he received ineffective assistance of counsel. We are unpersuaded on both fronts and will affirm the District Court's denial of Kraynak's motion to withdraw his plea.

I.

Kraynak was a Doctor of Osteopathy licensed by the Commonwealth of Pennsylvania and authorized by the federal government to prescribe controlled substances. Prosecutors charge that Kraynak prescribed over six million doses of opioids between 2012 and 2017, and that he was, for part of that time, the top prescriber of oxycodone, hydrocodone, OxyContin, and fentanyl in Pennsylvania. Kraynak allegedly distributed opioids to thousands of patients, at least five of whom died after overdosing on pills that Kraynak prescribed for them. Prosecutors also charge that Kraynak frequently failed to engage in conduct consistent with norms of professional medical practice. These deviations from the standard of care included failing to take medical histories, failing to perform physical examinations or to conduct diagnostic tests, and failing even to diagnose his patients.

A grand jury indicted Kraynak on nineteen charges. Twelve counts—one for each of twelve named patients—charged that Kraynak unlawfully prescribed,

distributed, and dispensed opioids outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1). Kraynak was also charged with five counts of unlawfully distributing opioids resulting in the death of a patient in violation of 21 U.S.C. § 841(a)(1), and two counts of maintaining drug-involved premises in violation of 21 U.S.C. § 856(a)(1).

The case proceeded to a jury trial. At the close of the Government's evidence—about three weeks into trial—Kraynak entered into a plea agreement under which he agreed to plead guilty to the twelve unlawful distribution counts and the Government agreed to dismiss the remaining counts. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed to a 15-year prison term. After conducting a plea colloquy, the District Court accepted Kraynak's guilty plea and entered a judgment of guilt.

Shortly before the District Court notified the parties of its intent to accept the plea agreement, Kraynak moved to withdraw his guilty plea on the grounds that he was legally innocent and that he had received ineffective assistance of counsel. The District Court appointed new counsel, and held a hearing on Kraynak's motion at which Kraynak, Kraynak's son, and Kraynak's two trial attorneys provided testimony. The District Court found that Kraynak's previous testimony accepting responsibility for the offenses was "more credible and trustworthy" than his later testimony denying guilt, which the District Court characterized as "false and entitled

3

to no weight." JA 479. The District Court credited trial counsel's testimony that they both had competently represented and advised Kraynak, and declined to credit Kraynak's contrary testimony. The District Court therefore denied Kraynak's motion to withdraw his guilty plea.

Kraynak timely appealed the denial of his motion to withdraw his plea.[1]

## II.

Because Kraynak moved to "withdraw [his] plea of guilty . . . after the court accept[ed] the plea, but before it impose[d a] sentence," Fed. R. Crim. P. 11(d)(2)(B), he bore the "substantial burden of showing a fair and just reason for the withdrawal of his plea," *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011) (cleaned up). We have adopted a three-factor test for evaluating such motions: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Rivera*, 62 F.4th 778, 788 (3d Cir. 2023) (cleaned up). All three factors supported the District Court's denial of Kraynak's motion.

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review the District Court's order under 28 U.S.C. § 1291. "We review the denial of a motion to withdraw a guilty plea for abuse of discretion," *United States v. Rivera*, 62 F.4th 778, 786 (3d Cir. 2023), and will not disturb the denial of Kraynak's motion "unless no reasonable person would adopt the district court's view," *United States v. James*, 928 F.3d 247, 253 (3d Cir. 2019) (cleaned up).

First, Kraynak did not demonstrate his innocence. He did not deny having engaged in the conduct underlying the twelve counts to which he pled guilty, and instead argued only that he is legally innocent. But Kraynak identified no "facts in the record that support [his] claimed defense" that the charged conduct fell within the usual course of professional practice. *United States v. Kwasnik*, 55 F.4th 212, 217 (3d Cir. 2022). To the contrary, the record makes clear that Kraynak repeatedly failed to keep appropriate medical records, failed to examine or diagnose his patients before prescribing opioids, and failed to note signs of substance abuse in his patients, all of which are compelled by the standard of medical practice. Kraynak argued that the Government's evidence and legal authorities pertain to standards for conventional medicine and so are irrelevant to his duties as an osteopathic physician. But it was Kraynak's burden to show that the professional standards for osteopathic physicians authorize the conduct to which he pled guilty: prescribing controlled substances without having first examined or diagnosed the patient. *See Siddons*, 660 F.3d at 703. Kraynak made no showing to that effect.

Nor does *Ruan v. United States* undermine Kraynak's guilt. 142 S. Ct. 2370 (2022). In *Ruan*, the Supreme Court held that a physician may be convicted under § 841 so long as he knew that his conduct was unauthorized. *Id.* at 2382. And during the plea colloquy, Kraynak answered in the affirmative when asked whether he

5

"kn[ew] that the prescriptions [at issue] were outside the usual course of professional practice and not for a legitimate medical purpose." JA 651.

Second, Kraynak's proffered reason for withdrawing his guilty plea—that he received ineffective assistance of counsel—is unpersuasive, because Kraynak did not show "that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms." *United States v. James*, 928 F.3d 247, 258 (3d Cir. 2019) (cleaned up). The District Court found that Kraynak's trial counsel's strategic choices before and during trial were reasonable. And Kraynak himself testified under oath at the plea colloquy that he had been "satisfied" with his legal representation. JA 635–36. The District Court further credited trial counsel's testimony that they fully advised Kraynak of the plea's consequences and did not pressure Kraynak to plead. And in any event, the District Court reasoned that trial counsel's "advice to plead guilty was eminently reasonable" in light of the overwhelming evidence against Kraynak. JA 43. These determinations have ample support in the record, and we will not disturb them on appeal.

Third, the withdrawal of Kraynak's guilty plea would prejudice the Government. Because Kraynak waited until after the Government rested its case to withdraw his plea, the Government expended substantial resources preparing for and presenting its case to the jury. Requiring prosecutors and witnesses to prepare for and reprise the case previously presented to the jury would strongly prejudice the

6

Government. *See United States v. Crowley*, 529 F.2d 1066, 1072 (3d Cir. 1976) (when guilty plea was entered on the day of trial, withdrawal would prejudice the Government).

We therefore will affirm the District Court's order.