**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1496
_____

UNITED STATES OF AMERICA

v.

TORON CROCKER,
Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(No. 1-17-cr-00010-001)
U.S. District Judge: Honorable Leonard P. Stark
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 16, 2023
_____

Before: SHWARTZ, MONTGOMERY-REEVES, and ROTH Circuit Judges.

(Filed: September 1, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Toron Crocker appeals his conviction for production of child pornography. Crocker, however, waived his right to appeal, and because enforcing the appellate waiver does not constitute a miscarriage of justice, we will dismiss the appeal.

## I

Crocker was indicted on two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Counts One and Two), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count Three). Before jury selection, the District Court granted Crocker's request to represent himself and appointed standby counsel.

After jury selection, Crocker, his standby counsel, and the Government engaged in plea discussions. Crocker agreed to plead guilty to Count One and the Government agreed to dismiss Counts Two and Three.[1] The plea agreement included an appellate waiver with limited exceptions[2] and informed Crocker that, among other things, he would "be required to register as a sex offender upon his release from prison as a condition of supervised release." App. 101.

---

[1] If convicted of all counts at trial, Crocker faced a statutory maximum penalty of eighty years' imprisonment. Each count of production of child pornography is punishable by up to thirty years' imprisonment, 18 U.S.C. § 2251(e), and because this case involved images of minors under twelve years of age, the possession of child pornography charge was punishable by up to twenty years' imprisonment, 18 U.S.C. § 2252A(b)(2).

[2] The exceptions reserved Crocker's right to (1) file an appeal based on ineffective assistance of counsel and (2) appeal his sentence if (a) the Government appealed from the sentence, (b) it exceeded the statutory maximum, or (c) the District Court imposed an upward variance.

At his plea, Crocker stated under oath that he reviewed and understood the terms of his plea agreement. The Government then summarized the plea agreement, mentioning both the appellate waiver and the "sex offender registration requirements." App. 69. The District Court also informed Crocker: (1) of the maximum penalties that could be imposed for pleading guilty, including the terms of imprisonment and supervised release; (2) that he could be sentenced to additional prison time for violating his supervised release conditions; and (3) that his appellate waiver was "very broad," and its "very narrow" exceptions were unlikely to become relevant. App. 75-76. Crocker stated that he understood each of those terms. After further inquiry, the District Court concluded that Crocker was "fully competent" and that he "knowing[ly] and voluntar[ily]" entered his guilty plea. App. 82.

The Presentence Investigation Report ("PSR") notified Crocker that he would "be required to register as a sex offender upon his release from prison." PSR ¶ 10. At sentencing, Crocker stated that he had read the PSR and had no material objections. Crocker's counsel argued that the statutory minimum was appropriate in part because Crocker will "be required to live as a registered sex offender . . . once he's released from incarceration." App. 34. During his allocution, Crocker apologized for his conduct but did not mention any of the penalties or consequences of his conviction, including the sex offender registration requirement.

The District Court sentenced Crocker to thirty years' imprisonment and ten years' supervised release. It explained that Crocker would be required to comply with the "sex offender specific conditions" outlined in the PSR, App. 57, and the judgment stated that

3

he "must comply with the requirements of the Sex Offender Registration and Notification Act," App. 4, 6.

Crocker appeals.

## II[3]

Crocker argues (1) the District Court's failure to personally advise him that he would be required to register as a sex offender as a condition of supervised release violated Federal Rule of Criminal Procedure 11 and constituted plain error, and (2) his sentence was substantively unreasonable. Both claims are barred by the appellate waiver and so we need not reach the merits.

"We will enforce an appellate waiver and decline to review the merits of an appeal where we conclude (1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." United States v. Wilson, 707 F.3d 412, 414 (3d Cir. 2013) (alterations in original) (quotations omitted).

Crocker does not dispute that the issues on appeal fall within the scope of the waiver or that he agreed to the waiver knowingly and voluntarily.[4] Instead, Crocker

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. "We review the validity and scope of an appellate waiver de novo." United States v. Grimes, 739 F.3d 125, 129 (3d Cir. 2014).

[4] Such arguments would be meritless in any event. First, none of exceptions in the waiver apply here, and thus the issues on appeal fall within the waiver's scope. Second, the District Court read the entirety of the appellate waiver to Crocker during his plea hearing, characterized it as a "very broad waiver" of his appellate rights, and noted that it

4

contends that enforcement of the waiver would constitute a miscarriage of justice.

Enforcing the waiver here is not a miscarriage of justice "because there was no error in the first instance," United States v. Rivera, 62 F.4th 778, 785 (3d Cir. 2023), as the District Court was not required to advise Crocker of the sex offender registration requirement, he was fully advised of the requirement in other ways, and his sentence was substantively reasonable.[5]   Therefore, Crocker's appeal is barred by his appellate waiver.

## III

For the foregoing reasons, we will dismiss the appeal.

---

contained "very narrow" exceptions that were unlikely to apply.  App. 75-76.  Crocker indicated that he understood the waiver's scope and implications, and thus knowingly and voluntarily agreed to the waiver.

[5] No error, plain or otherwise, occurred.  Rule 11(b)(1)(H) does not require district courts to advise a defendant of each condition of supervised release.  Rather, the governing version of Rule 11(b)(1)(H) requires only that a district court advise a defendant of the "maximum . . . term of supervised release," Fed. R. Crim. P. 11(b)(1)(H), which the District Court did here.  Moreover, defendants need only be advised of the "direct consequences" of entering a guilty plea, Jamison v. Klem, 544 F.3d 266, 277 (3d Cir. 2008) (emphasis omitted), and sex offender registration requirements are "commonly viewed" as "collateral consequences" of a conviction, Chaidez v. United States, 568 U.S. 342, 349 n.5 (2013).  Furthermore, to the extent Crocker had a right to notice of the registration requirement, that right was fulfilled.  Specifically, the plea agreement he reviewed and signed, the Government's presentation at the plea hearing, the PSR he reviewed, and his counsel's statements at sentencing all disclosed the registration requirement.

There is also no miscarriage of justice in allowing his sentence to stand because it was within the statutory maximum and substantively reasonable, as it was supported by the evidence and within the Sentencing Guidelines range.  Rita v. United States, 551 U.S. 338, 347 (2007) (permitting a court of appeals to apply a presumption of reasonableness to a sentence that is within the Guideline range).

5