**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2109
_____

UNITED STATES OF AMERICA

v.

AMBER LINGAFELT,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-21-cr-00016-017)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 5, 2024
_____

Before:  JORDAN, PHIPPS, and FREEMAN, *Circuit Judges*.

(Filed: March 27, 2024)
_____

OPINION*
_____

PHIPPS, *Circuit Judge*.

After Amber Lingafelt dealt drugs out of her home in Johnstown, Pennsylvania, a

grand jury indicted her on one count of drug conspiracy in violation of 21 U.S.C. § 846.[1]

*See* 18 U.S.C. § 3231 (conferring original jurisdiction on district courts for "all offenses

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i)–(iii), 841(b)(1)(A)(vi), 841(b)(1)(A)(viii).

against the laws of the United States"). The indictment also charged thirty-one other people who were part of the same multi-state drug trafficking organization.

In August 2022, Lingafelt, at age thirty-nine, entered into a written plea agreement. By the terms of that agreement, she promised to plead guilty to the lesser included offense: conspiracy to distribute 28 grams or more of a substance containing cocaine base – commonly known as crack cocaine – and quantities of heroin and fentanyl. Lingafelt also stipulated that the converted drug weight was 167 kilograms for sentencing purposes, and that the mandatory minimum sentence for this crime would be 60 months' imprisonment. She further agreed to an appellate waiver through which she surrendered the right to appeal her conviction and eventual sentence – subject to limited exceptions. On those terms, Lingafelt pleaded guilty in September 2022, and the District Court set a sentencing date of January 19, 2023.

On December 16, 2022, before she was sentenced, the Department of Justice issued two internal memoranda regarding charging, pleas, and sentencing in drug cases.[2] Those memoranda outlined the circumstances for pending and future cases in which federal prosecutors should not charge crimes subject to mandatory minimum sentences and should advocate for sentences using the Guidelines for powder cocaine instead of crack cocaine. Lingafelt believed that if applied to her case, which involved a mandatory minimum sentence and a crack-based weight calculation, those memoranda would yield a sentencing range of 15 to 21 months' incarceration.

---

[2] *See* Merrick Garland, *General Department Policies Regarding Charging, Pleas, and Sentencing* (Dec. 16, 2022) (hereinafter, "*General Policies*"), *available at* https://www.justice.gov/ag/file/1265326/dl?inline [https://perma.cc/R3AX-QH8Y]; Merrick Garland, *Additional Department Policies Regarding Charging, Pleas, and Sentencing in Drug Cases* (Dec. 16, 2022) (hereinafter, "*Additional Policies*"), *available at* https://www.justice.gov/ag/file/1265321/dl?inline [https://perma.cc/HFX2-CA59].

The Government moved to continue the sentencing hearing so that it could determine how to proceed in light of the memoranda. The District Court granted that motion, and before that rescheduled hearing took place, Lingafelt moved to withdraw her guilty plea. *See* Fed. R. Crim. P. 11(d)(2)(B) (allowing a defendant to withdraw a guilty plea before sentencing upon a showing of "a fair and just reason for requesting the withdrawal"). The District Court rejected that motion, reasoning that the issuance of the memoranda did not constitute a fair and just reason for withdrawing the plea. At a later hearing, the District Court sentenced her to the mandatory minimum 60-month prison sentence.

Lingafelt timely appealed that sentence, bringing the matter within this Court's appellate jurisdiction. *See* 28 U.S.C. § 1291 (conferring jurisdiction on courts of appeals to review final decisions of district courts); 18 U.S.C. § 3742(a)(1) (conferring jurisdiction on courts of appeals to review sentences); *see also United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007) (holding that an appellate court "retains subject matter jurisdiction over [an] appeal by a defendant who ha[s] signed an appellate waiver" but "will not exercise that jurisdiction to review the merits of [the] appeal if . . . [the defendant] knowingly and voluntarily waived her right to appeal[,] unless the result would work a miscarriage of justice").

Lingafelt now disputes the denial of her motion to withdraw her guilty plea, and argues that her sentence is unconstitutional. But she can raise those challenges only if she first overcomes the force and effect of the appellate waiver. *See United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008). To do so, Lingafelt contends that enforcing the waiver would work a miscarriage of justice.[3] Although courts approach that standard "sparingly

---

[3] Lingafelt does not challenge the initial validity of the waiver by arguing that her guilty plea was unknowing, unintelligent, or involuntary. Nor does she assert that her appeal falls

and without undue generosity," it is satisfied when a defendant has been impermissibly denied a request to withdraw a guilty plea. *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (quoting *United States v. Teeter*, 257 F.3d 14, 26 (1st Cir. 2001)). Thus, if she prevails on her first argument – the challenge to the denial of her motion to withdraw her guilty plea – then not only would she avoid the appellate waiver but also her conviction and sentence would be vacated and the case remanded. *See id.*

Three considerations govern requests for plea withdrawals. Those are (i) the defendant's assertion, or not, of innocence; (ii) the strength of the defendant's reasons for requesting to withdraw the plea; and (iii) if either of the first two factors favors withdrawal of the plea, then the prejudice to the Government. *See id.* at 458, 460 n.5; *see also United States v. James*, 928 F.3d 247, 253 (3d Cir. 2019) ("The burden of demonstrating those factors 'is substantial' and 'falls on the defendant[.]'" (alteration in original) (quoting *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003))); *United States v. Martinez*, 785 F.2d 111, 116 (3d Cir. 1986) ("[T]he Government is not required to show prejudice when a defendant has shown no sufficient grounds for  permitting withdrawal of a plea." (cleaned up) (citation omitted)). On appeal, the District Court's denial of a request to withdraw a plea is reviewed for an abuse of discretion. *See Wilson*, 429 F.3d at 458.

Under that standard of review, the District Court did not abuse its discretion in denying Lingafelt's motion to withdraw her guilty plea. She does not assert her innocence. She also lacks a strong reason for seeking withdrawal: the Department of Justice memoranda expressly disavow creating any enforceable rights for criminal defendants,[4]

---

within any of the waiver's exceptions, which allowed her to assert ineffective assistance of counsel and to appeal if the Government appealed the sentence or if the sentence exceeded the applicable statutory limits or unreasonably exceeded the Guidelines range.

[4] *See General Policies*, at 6 n.2 ("The policies contained in these memoranda . . . are intended solely for the guidance of attorneys for the government. They are not intended to

and, by opposing her motion to withdraw her guilty plea, the Government already signaled a reluctance to apply the non-binding memoranda to her post-plea sentencing hearing.[5] Because neither of the first two factors supports a plea withdrawal, it is not necessary to evaluate the final consideration, prejudice to the Government. *See United States v. Rivera*, 62 F.4th 778, 788 (3d Cir. 2023).

For these reasons, the District Court did not abuse its discretion in denying Lingafelt's motion to withdraw her guilty plea, and there is no miscarriage of justice here traceable to that decision. Accordingly, we will enforce the appellate waiver and affirm the District Court.

---

create a substantive or procedural right or benefit, enforceable at law, and may not be relied upon by a party to litigation with the United States."); *Additional Policies*, at 5 n.4 (same).

[5] *See General Policies*, at 6 ("[For pending cases,] [p]rosecutors are encouraged . . . to take steps to render the charging document, any plea agreement, and the sentence consistent with these policies – to the extent possible and as the prosecutors in their discretion deem appropriate in light of the federal interests involved.").