# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1468

UNITED STATES OF AMERICA

v.

DANTE WEBB,
Appellant

_____

Appeal from the U.S. District Court, W.D. Pa.
Judge J. Nicholas Ranjan, No. 2:23-cr-00042-001

Before: PORTER, MONTGOMERY-REEVES, and BOVE, *Circuit Judges*
Submitted Apr. 9, 2026; Decided Apr. 23, 2026
_____

NONPRECEDENTIAL OPINION[*]

BOVE, *Circuit Judge*. Defendant Dante Webb pleaded guilty to two drug-trafficking crimes and two weapons offenses. His conditional plea agreement contained an appellate waiver with a carve-out that allowed him to challenge the denial of his motion to suppress. Because Defendant's appeal is not covered by the carve-out, we will enforce his waiver and affirm.

## I.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. During a domestic-violence incident at Defendant's apartment, Defendant's girlfriend called the police. The girlfriend let the responding officer into the

---

[*] This disposition is not an opinion of the full Court and, under 3d Cir. I.O.P. 5.7, is not binding precedent.

apartment.  Inside Defendant's apartment, the officer seized narcotics, a gun, and a separate bag "full of weapons."  A57.

Prosecutors relied on that evidence to charge Defendant.  Defendant filed a motion to suppress.  With respect to the search relevant to this appeal, Defendant argued that his girlfriend "had no authority to permit the search."  A13.  The District Court denied the motion.

Defendant pleaded guilty pursuant to a plea agreement with a broad appellate waiver, which contained a carve-out permitting him to appeal "the denial of his motion to suppress evidence as raised [and] . . . as ruled upon by the United States District Court."  SA31.  Defendant timely appealed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review when applying an appellate waiver.  *See United States v. Damon*, 933 F.3d 269, 272 n.1 (3d Cir. 2019).[1]

## III.

Defendant argues that the District Court erred by denying his suppression motion because the evidence at the suppression hearing was "insufficient to establish the existence of consent."  Br. 16.  But that is not the argument he made in his suppression motion.  In fact, the District Court noted that there was "no dispute that [the girlfriend's] consent was

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

voluntarily given." A9. Thus, Defendant's new consent challenge is outside the carve-out to his appellate waiver, which he entered knowingly and voluntarily. No miscarriage of justice results here from enforcing the waiver to bar an argument that Defendant has, in any event, waived by raising it for the first time in this Court. *See United States v. Rivera*, 62 F.4th 778, 784-85 (3d Cir. 2023); *United States v. Lockett*, 406 F.3d 207, 212 (3d Cir. 2005). Accordingly, the waiver applies, and we will affirm.